IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIANDRO GILBERT, | § | |
| TDCJ #926750, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3758 |
| | § | |
| WARDEN PRATT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

State inmate Liandro Gilbert (TDCJ #926750) has filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated when he was in custody at a local prison facility in 2003. Gilbert appears *pro se* and *in forma pauperis*. At the Court's request, Gilbert has submitted an amended complaint and a more definite statement of his claims. (Docs. # 7, # 15). The State Attorney General's Office has supplemented the pleadings further with a special report and administrative record. (Docs. # 21, # 22). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.    BACKGROUND

Gilbert is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Eastham Unit in Lovelady, Texas. Gilbert sues Assistant Warden Pratt, Dr. Julye, Sergeant Johnson, and a "white

female" correctional officer identified as C. Hollway or C. Holloway. All of the defendants are reportedly employed by TDCJ at the Wynne Unit in Huntsville, where Gilbert was formerly assigned until October of 2005. (Docs. # 1, # 7). Gilbert accuses the defendants of "deliberate indifference" to "unsafe" conditions of confinement. In particular, Gilbert complains that he was forced to work in unsafe conditions at the Wynne Unit in 2003, and that he was injured as a result.

While incarcerated at the Wynne Unit in 2003, Gilbert worked as an "SSI orderly" or porter, performing a variety of tasks at the prison. Gilbert explains that, in August of 2003, he was ordered to clean a "wet shower cell area." Gilbert complained to an unspecified official that there were no "anti-slip type mats" in place in the shower area that he was directed to clean. Gilbert claims that he slipped and fell while cleaning the shower on August 18, 2003, resulting in an injury to his right thumb, which became "severely swollen and purple." Gilbert received treatment and x-rays were taken of his injured thumb at the Wynne Unit infirmary on August 21, 2003. To treat his pain, Gilbert was given Ibuprofen and a "medical lay-in pass" to excuse his attendance at work for a period of three days.

When Gilbert returned to work, he was ordered to help distribute food trays to prisoners confined in administrative segregation and to carry large trash cans up four flights of stairs. Gilbert returned to the infirmary in early December of 2003, complaining of pain in his thumb. Subsequently, Gilbert filed a step 1 grievance on December 19, 2003, complaining that his job duties were aggravating his injured thumb. (Step 1 Grievance #20040718789, Doc. # 1). This grievance was investigated and returned to Gilbert on

January 6, 2004. The reviewing official (Assistant Warden Pratt) noted that Gilbert had been seen in the medical department in early December of 2003, and that he had been given a thumb splint as well Ibuprofen for pain. The reviewing official observed further that Gilbert had also received a pass that excused him from work for ten days and that his classification had been adjusted temporarily to preclude activities involving "repetitive use of hands." In deference to the medical department's professional evaluation, the reviewing official considered the matter resolved and advised Gilbert to address any further concerns about his job assignment to the Classification department. Gilbert did not file a Step 2 grievance to appeal the result.

In his pending civil rights complaint, which was filed on November 21, 2006,[1] Gilbert contends that the thumb injury that he sustained on August 18, 2003 caused him to experience pain for several weeks, along with feelings of depression, severe anxiety, and emotional distress. Gilbert contends that the defendants and other officials at the Wynne Unit are liable under 42 U.S.C. § 1983 for their deliberate indifference to his health and safety in violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution. Gilbert seeks compensatory and punitive damages of $20,000 from each

---

[1] The Clerk's Office received the undated complaint on November 27, 2006, and filed it that same day. (Doc. # 1). For statute of limitations purposes, courts treat the date a *pro se* prisoner deposits his pleadings in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because the undated complaint was postmarked November 21, 2006, it is deemed filed on that date.

defendant for his pain and suffering. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In this instance, the State Attorney General's Office has supplemented the pleadings at the Court's request by providing a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987), also known as a "*Martinez* report." (Doc. # 22). In *Martinez*, the court

approved a district court's order asking prison officials to investigate the facts surrounding an inmate's civil rights complaint for the purpose of constructing "an administrative record." *Id.* at 319. The Fifth Circuit has adopted the procedure used in *Martinez* as a tool in which an administrative record is constructed to assist a trial court in making a determination of frivolity under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997). However, a *Martinez* report may not be used to resolve material disputed fact issues when they are in conflict with the pleadings or affidavits.[2] *See Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992); *Hendrickson v. Davis*, 172 Fed. App'x 48 (5th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 969 (2007).

## III. DISCUSSION

Gilbert's complaint concerns a work-related injury that occurred in August of 2003, and his subsequent work assignment that allegedly aggravated his injury. The pleadings, as supplemented by Gilbert's medical and classification records, reflect that the complaint in this case is untimely. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This

---

[2] There are minor discrepancies between the pleadings filed by Gilbert and the *Martinez* report. For example, Gilbert alleges in his pleadings that he injured his thumb on "approximately August 23, 2003," and that he was treated in the infirmary that same day. The medical records show that he was examined in the infirmary on August 21, 2003, where he reported injuring his thumb three days earlier, which would place the date of his injury on August 18, 2003. To the extent that there is any conflict between the *Martinez* report and the pleadings in this case, the difference is not material to the disposition for reasons discussed below under the governing statute of limitations.

means that once the claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

As outlined above, Gilbert complains that officials at the Wynne Unit ignored his objections about slippery work conditions in August of 2003. Gilbert claims that this "deliberate indifference" to his safety resulted in a work-related injury to his thumb on August 18, 2003. Gilbert complains further that, for several months following his injury, he was assigned work that aggravated his thumb injury. Gilbert complained about his thumb injury and his new work assignment in a step 1 grievance that he filed on December 19, 2003. He made no further complaints about his injured thumb or his work assignment. Thus, according to the pleadings, the exhibits, and the administrative record, Gilbert well was aware of his claims no later than December 19, 2003, when he filed his step 1 grievance.

The complaint in this case is late because, after his claims accrued on or around December 19, 2003, Gilbert waited almost three years to file this case on November 21, 2006. Even with tolling through January 6, 2004, which is the date that Gilbert received an answer from prison officials in response to his step 1 grievance, the pending civil rights complaint is well outside the two-year limitations period for the allegations that form the basis of his claims. Civil rights claims that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Gilbert waited more than two

years to file suit from the time these claims accrued, his complaint is untimely and therefore subject to dismissal as frivolous. *See Gartell*, 981 F.2d at 256.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the complaint in this case is **DISMISSED** with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it is barred by the governing statute of limitations.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on February 14th, 2008.

Nancy F. Atlas
United States District Judge